UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ARTHUR NUNN, | No. 2:22-cv-01396-TLN-EFB (HC) |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RICK HILL, | |
| Respondent. | |

Petitioner Joseph Arthur Nunn, currently incarcerated in Folsom State Prison, seeks federal habeas review of his 2016 murder conviction, entered in the Placer County Superior Court. ECF No. 1 at 2. Petitioner filed a motion to stay the court's consideration of the petition under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) concurrently with the petition. ECF No. 2. Respondent opposes the motion to stay and moves to dismiss the petition. ECF No. 8. For the reasons that follow, it is recommended that the petition be dismissed.

I. **Background**

In 2016, petitioner was sentenced to a term of 40-years-to life following a conviction of second-degree murder with a firearm enhancement. ECF No. 1 at 2; ECF No. 10-1 at 1. The conviction was affirmed by the California Court of Appeal on March 2, 2021, but the court

/////

/////

remanded the case to the trial court for resentencing due to changes to California Penal Code §§ 12022.5 and 12022.53 giving the trial court discretion to strike petitioner's firearm enhancement in the interests of justice. ECF No. 10-2 at 2. The California Supreme Court denied petitioner's petition for review on May 12, 2021. ECF No. 10-4. Petitioner's re-sentencing proceedings remained pending in the state trial court at the time that petitioner filed his federal petition on August 8, 2022. ECF No. 10-7 at 1, 8.

In the instant petition, petitioner raises four claims: (1) insufficient evidence to sustain the conviction, (2) erroneous exclusion of expert testimony on subject precipitation; (3) erroneous failure to conduct a hearing on petitioner's ability to pay various fees; and (4) various instances of ineffective assistance of trial counsel. ECF No. 1 at 60-61. Petitioner asserts that the fourth claim has not been exhausted in the California Supreme Court, and he asks for a stay pending exhaustion. ECF No. 2.

**II.     Analysis**

Respondent argues that the petition must be dismissed because this court must abstain from the matter while the state proceedings are ongoing. The court agrees. Under the doctrine known as "*Younger* abstention," federal courts are required to abstain from hearing cases that would interfere with pending state proceedings that implicate important state interests. *Younger v. Harris*, 401 U.S. 37 (1971); *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 881 (9th Cir. 2011). Under *Younger*, absent extraordinary circumstances, federal courts must abstain where: (1) state proceedings are ongoing at the time the federal case is filed; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide plaintiff an adequate opportunity to litigate federal claims. *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). District courts in the Ninth Circuit have routinely determined that these criteria are met where an individual files a federal habeas petition while his state resentencing proceedings are

/////
/////
/////
/////

ongoing. *E.g.*, *Kasionov v. Gamboa*, 2:21-cv-0193 JAM DB P, 2022 U.S. Dist. LEXIS 57797 (E.D. Cal. Mar. 28, 2022); *Timberlake v. Santoro*, No. 1:20-cv-00013-NONE-SKO (HC), 2021 U.S. Dist. LEXIS 82473 (E.D. Cal. Apr. 29, 2021); *Duke v. Gastelo*, No. 2:19-04712 AB (ADS), 2020 U.S. Dist. LEXIS 134464 (C.D. Cal. June 24, 2020), *rep. and reco. adopted*, 2020 U.S. Dist. LEXIS 133544 (C.D. Cal. July 28, 2020); *Phillips v. Neuschmid*, No. 2:19-cv-03225-RGK (AFM), 2019 U.S. Dist. LEXIS 204615 (C.D. Cal. Oct. 18, 2019) ("courts implicitly find that granting federal habeas corpus relief would have the practical effect of enjoining or interfering with the ongoing state judicial proceeding, even where the state proceeding is limited to sentencing"), *rep. and reco. adopted*, 2019 U.S. Dist. LEXIS 204569 (C.D. Cal. Nov. 22, 2019).

      Petitioner argues that his resentencing proceeding is "collateral," but provides no authority so holding. He also argues that there is "reasonable confusion as to whether his instant claims will be considered timely" under the Antiterrorism and Effective Death Penalty Act's limitations period. However, that period does not begin to run until the "conclusion of direct review or by the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). The U.S. Supreme Court has directed that the "finality" under AEDPA that triggers the beginning of the limitations period is the finality of the sentence. *Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937): "Final judgment in a criminal case means sentence. The sentence is the judgment."). Accordingly, AEDPA's limitations period will not begin to run until the conclusion of direct review of petitioner's state sentencing petition or the expiration of the time for seeking such review. Thus, the limitations period does not present an extraordinary circumstance that would enable this court to review the petition while state proceedings are pending.

/////
/////
/////
/////
/////
/////

3

### III.     Recommendation

For the foregoing reasons, it is RECOMMENDED that petitioner's August 8, 2022 motion for stay (ECF No. 2) be denied, that respondent's September 9, 2022 motion to dismiss (ECF No. 8) be granted, and that the petition be dismissed without prejudice to petitioner's ability to file it again once his state proceedings are final.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 9, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE